**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SALIM HAJIANI, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:17-cv-00567-TWT-CMS |
| HT HACKNEY COMPANY, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION
AND ORDER**

This case is before the Court on Plaintiff Salim Hajiani's second application to proceed *in forma pauperis* ("IFP"). (Doc. 3). Plaintiff seeks leave to file this civil complaint without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a).

On February 15, 2017, Plaintiff filed his first application for leave to proceed IFP and proposed complaint. (Docs. 1, 1-1). His first application was incomplete and failed to provide the Court with sufficient information upon which to base a decision as to whether he should be permitted to proceed IFP. Accordingly, I denied his application for IFP status and directed that if he wished to be re-considered for IFP status, he needed to submit a fully completed application on or before 14 days from the date of my Order. (Doc. 2, Order dated February 17, 2017 ["February Order"]). The

February Order directed the Clerk to send Plaintiff another blank Form 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) for non-prisoner cases for Plaintiff to complete.

Pursuant to 28 U.S.C. § 1915(a), I also conducted a screening of Plaintiff's proposed *pro se* complaint and determined that his complaint failed to state a viable cause of action against the named defendant. 28 U.S.C. § 1915(e)(2)(B) provides that a federal court shall dismiss an IFP complaint if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

In lieu of recommending immediate dismissal for failure to state a claim on which relief may be granted, my February Order gave Plaintiff the opportunity to submit an amended complaint that corrected the inadequacies contained in his original complaint. As more fully explained in my February Order, I noted that the handwritten Title VII employment discrimination complaint that Plaintiff had submitted lacked essential information. A complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the

2

grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

My February Order explained that Plaintiff's original complaint did not provide sufficient detail of the essential facts of his claim(s) and failed to comply with federal pleading standards, especially Rules 8 and 10 of the Federal Rules of Civil Procedure. For instance, Plaintiff's complaint generally alleged discrimination on the bases of race and national origin, but failed to identify Plaintiff's race or national origin. The complaint alleged that the defendant failed to eliminate a general and consistent pattern of race and national origin discrimination, but failed to provide any factual support for that allegation. The complaint alleged that "Defendants" refused to hire him for employment, but only one defendant is named in the caption of the complaint. The complaint also failed to include any facts describing when the alleged failure-to-hire occurred, who made that decision, and how, why, or on what basis that alleged failure-to-hire was discriminatory. The complaint attached a copy of an EEOC notice-of-right-to-sue letter, but did not attach a copy of the underlying EEOC charge of discrimination that Plaintiff filed with the EEOC, as required in a Title VII case. In sum, the complaint contained no facts showing how any actions Plaintiff was complaining about were discriminatory. Plaintiff's complaint, therefore, was subject

to dismissal for failure to state a plausible claim for relief. See 28 U.S.C. § 1915(e)(2); Langlois v. Traveler's Ins. co., 401 F. App'x 425, 426-27 (11th Cir. 2010) (per curiam).

My February Order instructed that if Plaintiff wished to proceed with his case, he should submit an amended complaint specifically describing the conduct he contends was discriminatory or retaliatory, why he believes the actions he is complaining about were discriminatory or retaliatory, and the names and positions of each individual that was involved. He was further directed to identify his race and national origin, and to attach a copy of his EEOC charge of discrimination. He was warned that failure to timely comply with the Order would result in dismissal of this action. The Clerk was directed to resubmit this matter to the undersigned fifteen (15) days after entry of the February Order.

On February 24, 2017, Plaintiff filed a marginally more complete application to proceed IFP, but he failed to file an amended complaint. The Clerk re-submitted this action to me on February 27, 2017.

After consideration of Plaintiff's second affidavit of indigency, I find that he meets the financial requirements for IFP status and **GRANT** his request to proceed IFP

pursuant to 28 U.S.C. § 1915(a). **However, it is further ORDERED that service of process shall <u>not</u> issue at the present time.**

Because Plaintiff failed to file an amended complaint, his original complaint is again before the Court for a frivolity determination. The Court must determine whether Plaintiff's proposed complaint is frivolous or fails to state a claim on which relief may be granted, and, if so, must dismiss it without prejudice. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). As noted earlier, a complaint is frivolous if "it lacks an arguable basis either in law or in fact," <u>Neitzke</u>, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" <u>Clark v. State of Ga. Pardons and Paroles Bd.</u>, 915 F.2d 636, 639 (11th Cir. 1990) (quoting <u>Moreland v. Wharton</u>, 899 F.2d 1168, 1170 (11th Cir. 1990)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of

Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

After careful review, and for the reasons discussed above, I find that Plaintiff's original complaint fails to "raise a right to relief above the speculative level" with respect to any identifiable claim in order to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 440 U.S. at 555. Accordingly, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim on which relief may be granted. Plaintiff's action is also subject to dismissal for failure to comply with a lawful order of this Court, pursuant to Local Rule 41.3(A)(2), NDGa.

**IT IS SO RECOMMENDED and ORDERED**, this 23rd day of March, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)